Versión para imprimir


EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2012 TSPR 83 |
|---|---|
| | 185 DPR ____ |
| Rafael Cirino López | |

Número del Caso: TS-14976

Fecha: 21 de marzo de 2012

Oficina de Inspección de Notarías:

       Lcda. Lourdes Quintana Llorens
       Directora

Materia: Conducta Profesional- La suspensión será efectiva el 25 de abril de 2012 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| IN RE: | | |
|---|---|---|
| | **NÚM.: <u>TS-14976</u>** | Sobre: |
| | | CONDUCTA PROFESIONAL |
| RAFAEL CIRINO LÓPEZ | | |

*PER CURIAM*

En San Juan, Puerto Rico, a 21 de marzo de 2012.

A pesar de que hemos insistido en un sinnúmero de ocasiones en la obligación que tiene todo letrado de cumplir fiel y cabalmente con todos y cada uno de los cánones de ética que rigen nuestra profesión, una vez más nos vemos obligados a suspender a otro miembro de la clase togada del ejercicio de la abogacía por incumplir con las órdenes de este Tribunal.

I

El Lcdo. Rafael Cirino López (Lcdo. Cirino López) fue admitido al ejercicio de la abogacía el 13 de julio de 2004 y, posteriormente, al ejercicio de la notaría el 18 de noviembre del mismo año. Mediante Resolución emitida el 4 de junio de 2010 nos vimos en la obligación de suspenderlo indefinidamente del ejercicio de la notaría. Los eventos que dieron lugar a dicha suspensión y a la

queja que hoy en día tenemos ante nuestra consideración se pueden resumir de la siguiente manera.

El 12 de enero de 2010 el Colegio de Abogados de Puerto Rico nos presentó una *Moción Informativa* mediante la cual nos puso al tanto de que el Lcdo. Cirino López tenía al descubierto su fianza notarial desde noviembre de 2008, en contravención a lo dispuesto por el Artículo 7 de la Ley Notarial de Puerto Rico (Ley Notarial), 4 L.P.R.A. sec. 2011 (2010).[1] En vista de ello, el 25 de enero de 2010 emitimos Resolución mediante la cual le concedimos al licenciado un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría. Le apercibimos que el incumplimiento con los términos de nuestra Resolución podría conllevar la suspensión del ejercicio de la notaría y podría dar lugar a sanciones disciplinarias adicionales.

Ante la incomparecencia del Lcdo. Cirino López, el 4 de junio de 2010 decretamos, mediante Resolución, su suspensión inmediata e indefinida del ejercicio de la notaría. Ordenamos a la Oficina de los Alguaciles que incautaran el sello y la obra notarial del licenciado y que entregaran los mismos a la Oficina de Inspección de Notarías (ODIN).

---

[1] Anteriormente y con fecha de 17 de junio de 2008, el Colegio de Abogados había presentado una *Moción Informativa* indicándonos que el Lcdo. Cirino López tenía al descubierto su fianza notarial desde noviembre de 2007. Dicha queja quedó archivada el 12 de agosto de 2008, mediante Resolución que emitiéramos a esos efectos, puesto que el 30 de julio de 2008 el Lcdo. Cirino López pagó la misma.

El 22 de junio de 2010 la Oficina de los Alguaciles preparó un informe sobre las gestiones que realizaron en aras de cumplir con la Resolución emitida por este Tribunal. Relataron que inicialmente el licenciado se había negado a entregarles la obra notarial y les había mentido en varias ocasiones, pero que luego accedió a entregarles lo que tenía. Según lo expresado en dicho informe, la obra notarial se encontraba en muy mal estado, lo que dificultó hacer el inventario de la misma. Finalmente incautaron el sello y lo que el licenciado les entregó como obra notarial.

El 5 de octubre de 2010 la Directora de la ODIN sometió *Moción Informativa sobre el Estado de la Obra Notarial Incautada*. En la misma manifestó que la obra notarial del Lcdo. Cirino López se encontraba incompleta y sin encuadernar, lo que imposibilitaba determinar la totalidad de los defectos a subsanar, así como el monto de la deficiencia arancelaria. Solicitó, por tanto, le ordenáramos al licenciado de epígrafe que completara y subsanara, a su costo, la obra notarial para los años 2004, 2005, 2007 al 2010, así como también su libro de Registro de Testimonios.

Atendida la moción informativa de la ODIN, el 18 de noviembre de 2010 ordenamos al Lcdo. Cirino López a completar y subsanar, a sus expensas, las deficiencias de la obra notarial para los años 2004, 2005, 2007 al 2010 y el libro de registro de testimonios en un término de

treinta (30) días.  Le apercibimos que de incumplir con la orden de este Tribunal podría ser objeto de sanciones disciplinarias.[2]

El 28 de enero de 2011 el Lcdo. Cirino López presentó una *Moción Informativa y Solicitando Término Adicional*. En la misma manifestó que había estado padeciendo de una infección en una de sus piernas lo que le imposibilitó trabajar y acudir a la ODIN a corregir las deficiencias señaladas.  Solicitó en la misma que le concediéramos un término adicional de treinta (30) días.  Examinada la moción informativa, le concedimos un término adicional de cuarenta y cinco (45) días, contados a partir del 10 de enero de 2011, para cumplir con la Resolución de 18 de noviembre de 2010.[3]

El 11 de mayo de 2011 la Directora de la ODIN nos sometió una moción en la cual nos expresó que había transcurrido el término de cuarenta y cinco (45) días concedido al licenciado y la obra notarial de éste se encontraba en las mismas condiciones.  Añadió que el Lcdo. Cirino López no se había comunicado con la ODIN de forma alguna, ni había mostrado interés en corregir los defectos señalados.  Solicitó le ordenáramos al licenciado corregir su obra notarial, a sus expensas, y le impusiéramos una

---

[2]    La Resolución dictada el 18 de noviembre de 2010 fue notificada a la dirección postal del Lcdo. Cirino López el 30 de noviembre de 2010.  Según consta del expediente personal del licenciado, ésta le fue, además, entregada personalmente el 10 de diciembre de 2010.

[3]    El término adicional de cuarenta y cinco (45) días fue concedido mediante Resolución emitida el 4 de febrero de 2011 y notificada por correo certificado al Lcdo. Cirino López el 9 de febrero de 2011.

sanción económica a tenor con lo dispuesto por el Artículo 62 de la Ley Notarial, 4 L.P.R.A. sec. 2102 (2010).

Mediante Resolución emitida el 6 de mayo de 2011, le concedimos al Lcdo. Cirino López un término final de veinte (20) días, contados a partir de la notificación de la misma, para que corrigiera y subsanara las deficiencias de la obra notarial incautada. Se le apercibió que de incumplir con los términos de la Resolución se procedería con la suspensión inmediata del ejercicio de la abogacía. Ordenamos, además, que dicha Resolución le fuera notificada personalmente al Lcdo. Cirino López. El 13 de mayo de 2011, la Resolución fue notificada a la dirección postal del licenciado y, según ordenado, el 9 de junio de 2011 también le fue notificada personalmente.

Así las cosas, el 6 de julio de 2011 el Lcdo. Cirino López compareció mediante *Moción Informativa y Solicitando Término Adicional* señalando que durante el mes de junio acudió en tres (3) ocasiones a la ODIN y que se encontraba aún en trámites de corregir su obra notarial. A tales fines, solicitó le concediéramos un término adicional de sesenta (60) días para terminar de subsanar los defectos señalados. Evaluada dicha moción le concedimos los sesenta (60) días solicitados, contados a partir del 21 de junio de 2011, para que rectificara todas las faltas que faltaban por corregir.[4]

---

[4]    La Resolución fue emitida el 8 de julio de 2011 y notificada, vía correo certificado, el 11 de julio de 2011.

Finalmente, el 7 de noviembre de 2011 le concedimos a la Directora de la ODIN un término de veinte (20) días, contados a partir de la notificación de la Resolución,[5] para que nos informara de las gestiones realizadas por el Lcdo. Cirino López para cumplir con nuestra Resolución de 18 de noviembre de 2010. En cumplimiento con nuestra Orden, el 29 de noviembre de 2011 la Directora de la ODIN nos informó que el licenciado de epígrafe aún adeudaba una suma no menor de ochenta y ocho dólares ($88.00) para cubrir aranceles, los gastos de encuadernación, más una suma no determinable en sellos de Asistencia Legal para completar sus Registros de Testimonios que todavía continuaban incompletos. Señaló que luego de las tres (3) visitas mencionadas por el licenciado en su moción de 6 de julio de 2011 no habían tenido más comunicación con éste, por lo que su obra notarial permanecía incompleta y sin corregir. Añadió que muchas de las deficiencias que quedaban pendientes eran de carácter grave, como por ejemplo, en ocho (8) de los instrumentos falta la firma del notario y en tres (3) testamentos abiertos se omitió indicar la hora de otorgamiento.

A pesar de todas las oportunidades que le hemos brindado al Lcdo. Cirino López, al día de hoy su obra notarial continúa incompleta y sin corregir. Lo anterior

---

[5]    La Resolución fue notificada a la ODIN y al Lcdo. Cirino López el 9 de noviembre de 2011.

unido al hecho de que en un sinnúmero de ocasiones éste ha incumplido con las órdenes emitidas por este Tribunal.

## II

"El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto." Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 9 (2002). En un sinnúmero de ocasiones hemos reiterado que cuando los abogados no cumplen con las órdenes de este Tribunal demuestran menosprecio hacia nuestra autoridad, infringiendo, de ese modo, las disposiciones del Canon 9, *supra*. In re Fidalgo Córdova, 2011 T.S.P.R. 164, 183 D.P.R. ____ (2011).

Sabido es que la función de todo abogado requiere, por naturaleza, que éste atienda con diligencia y escrupulosidad las órdenes que emita este Tribunal y esa obligación se hace más patente cuando dichas órdenes se refieren a procedimientos sobre su conducta profesional. In re Montes Díaz, 2012 T.S.P.R. 20, 184 D.P.R. ____ (2012).

Sin lugar a dudas, "el abogado que no contesta los requerimientos de este Tribunal demuestra conducta de dejadez, indiferencia y falta de diligencia". In re Fontán La Fontaine, 2011 T.S.P.R. 140, 182 D.P.R. _____ (2012). Es por ello que "cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones

disciplinarias, procede [su] suspensión inmediata del ejercicio de la profesión". In re Montes Díaz, *supra*.

"Desatender nuestras órdenes acarrea la imposición de sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión." In re Pagán Pagán, 2012 T.S.P.R. 13, 183 D.P.R. ____ (2012). Añadimos, citando a In re Escalona Colón, 149 D.P.R. 900 (2000), "que el desatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal. Implica indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, particularmente hacia este Foro". In re Pagán Pagán, *supra*.

### III

Desgraciadamente nos encontramos ante otro miembro de nuestra profesión que ha hecho caso omiso a los requerimientos de este Foro, incumpliendo, de ese modo, con los cánones que juró respetar. En vista de todas las faltas que hemos señalado anteriormente, decretamos la suspensión inmediata e indefinida del Lcdo. Rafael Cirino López al ejercicio de la abogacía. Le ordenamos, por tanto, que notifique a todos sus clientes de su inhabilidad para continuar con su representación. Deberá, además, devolver los expedientes de todos los casos que

tenga pendientes, así como los honorarios recibidos por trabajos no rendidos.

Igualmente, tiene el deber de informar oportunamente de su suspensión tanto a los foros judiciales como administrativos del país. Dichas gestiones deberán ser notificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Lcdo. Rafael Cirino López por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

IN RE:


RAFAEL CIRINO LÓPEZ

NÚM.: **TS-14976**

Sobre:

CONDUCTA
PROFESIONAL


SENTENCIA

En San Juan, Puerto Rico, a 21 de marzo de 2012.

Por los fundamentos antes expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Rafael Cirino López al ejercicio de la abogacía. Le ordenamos, por tanto, que notifique a todos sus clientes de su inhabilidad para continuar con su representación. Deberá, además, devolver los expedientes de todos los casos que tenga pendientes, así como los honorarios recibidos por trabajos no rendidos.

Igualmente, tiene el deber de informar oportunamente de su suspensión tanto a los foros judiciales como administrativos del país. Dichas gestiones deberán ser notificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Lcdo. Rafael Cirino López por la Oficina del Alguacil de este Tribunal.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo